FILED

**Jan 04, 2011**

LEONARD GREEN, Clerk

File Name: 11a0010n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 09-4486

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

DENNIS A. BADERTSCHER,

    Plaintiff-Appellant,

v.

PROCTER & GAMBLE MANUFACTURING
COMPANY,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____ /

Before:     MARTIN, NORRIS, and COOK, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge.  Plaintiff-appellant Dennis A. Badertscher, who is male, was fifty-two years old when defendant-appellee Procter & Gamble Manufacturing Company fired him. Badertscher sued for reverse gender discrimination and age discrimination. The district court granted Procter & Gamble's motion for summary judgment on both claims. We **AFFIRM** the decision of the district court.

**I. BACKGROUND**

    Badertscher was an at-will employee at the Lima, Ohio detergent plant of Procter & Gamble. In mid-December 2006, Procter & Gamble began an investigation into reports of interpersonal problems at the plant. Members of the management conducted a series of interviews with employees. Six employees stated that they had witnessed Badertscher engage in inappropriate

behavior toward a female employee, five employee stated that he did not wear personal protective equipment, and five employees stated that they had witnessed him sleeping on the job. Procter & Gamble terminated Badertscher's employment based on the combination of three categories of misconduct: sexual harassment, violation of safety rules, and sleeping on the job. Eight members of management were involved in the decision.

## II. ANALYSIS

This Court reviews a district court's grant of summary judgment de novo. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). To grant a motion for summary judgment, a court must find that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Badertscher's claims of age discrimination under the Age Discrimination in Employment Act and Ohio state law and his claim of gender discrimination under Ohio state law may be analyzed together because the same analytical framework applies to both the federal and Ohio statutory provisions at issue. *See, e.g.*, *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). Title VII single-motive claims proceeding on circumstantial evidence are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and modified by *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). First, the plaintiff must establish a prima facie case by showing that "(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than

similarly-situated, non-protected employees." *DiCarlo*, 358 F.3d at 415. Once the plaintiff establishes a prima facie case, the defendant then bears the burden of production to put forth a "legitimate, nondiscriminatory reason" for the complained of adverse treatment. *Id.* at 414 (citing *Burdine*, 450 U.S. at 253). If the defendant meets this burden, then the burden of production shifts back to the plaintiff to demonstrate that the proffered reason was a "pretext for discrimination." *Id.* at 414-15 (quoting *Burdine*, 450 U.S. at 253).

The district court's decision granting Procter & Gamble's motion for summary judgment was based on proper legal analysis. Procter & Gamble articulated a legitimate, nondiscriminatory reason for his termination that Badertscher failed to rebut. Badertscher failed to raise genuine issue of material fact as to whether Procter & Gamble's stated reason for firing him was a pretext for discrimination.

### III. CONCLUSION

The decision of the district court is **AFFIRMED**.